## HORACE A. GRAY *vs.* PATRICK K. MILLAY.

### *Sale.*

The plaintiff caused to be attached certain cigars and tobacco upon two suits against one Tinker, and was made keeper of the goods by the defendant, who was the officer making the attachment. It was afterward agreed between Tinker and the plaintiff that plaintiff should have the property and that Tinker should act as his agent and sell it on plaintiff's account. The cigars were not counted, nor the tobacco weighed, nor any price for them fixed upon, nor any credit given Tinker for them upon his debts to plaintiff. The plaintiff discontinued his suits, whereupon the property was attached as Tinker's at the suit of other parties. *Held*, that the transaction did not constitute a sale, and that plaintiff could not maintain replevin against the attaching officer.

ON REPORT.

REPLEVIN against the sheriff for cigars and tobacco, claimed by the plaintiff by virtue of an alleged sale from one Tinker under the circumstances stated in the opinion, upon process against whom the defendant had attached them, at the suit of third parties.

The facts, upon which the case was submitted, are sufficiently stated in the opinion.

*Tallman & Larrabee*, for the plaintiff, cited *Shumway* v. *Rutter*, 8 Pick. 443; *Packard* v. *Dunsmore*, 11 Cush. 282.

*E. J. Millay*, for the defendant.

BARROWS, J. The case is presented upon a report of the testimony offered by the plaintiff, accompanied by the admission that the defendant, as sheriff of the county, on June 12, 1869, duly attached the cigars and tobacco here replevied upon writs against one Tinker, in whose possession they were at the time of the attachment, and that the suits in which they were attached are still pending. The plaintiff claims under an alleged verbal sale from Tinker, and it is incumbent upon him to prove an absolute *bona fide* sale, as the defendant represents Tinker's attaching creditors.

The only testimony he offers is his own deposition, by which it appears that he is a brother-in-law of Tinker; that about March 2, 1869, in Tinker's absence from home, he caused two suits to be instituted against Tinker, one upon a demand of his own, and one upon a note on which he was responsible as Tinker's indorser, and that the defendant, who served the writs, attached thereon " about fifty-two boxes of cigars and a quantity of loose tobacco," what quantity he says he " cannot tell, but should judge about two or three hundred pounds."   The sheriff made the plaintiff keeper of this property, and on Tinker's return, about the middle of March, plaintiff says he told Tinker that he had attached his cigars and tobacco; that they were in his possession; whereupon Tinker " said very well, I could have the cigars, and he said if you wish me to act as your agent I will do so and sell them for your account; I told him he could, as perhaps he could sell them better than I could."

This was the whole transaction as testified to by the plaintiff. The cigars and tobacco went back into Tinker's possession, and the suits instituted by the plaintiff were not entered. It would seem that no price for any of the articles was agreed on, nor were the boxes of cigars ever counted nor the tobacco weighed.   When asked on cross-examination how much he gave for the cigars, plaintiff says: " Took them on account for the debt he owed me." To the inquiry how much he allowed for them towards the debt, he says: " I suppose the cigars were not sufficient for the debt, and he should sell the cigars and give me the proceeds of them, and then we were to settle."   To the further inquiry, " Did you ever allow him anything towards the debt for the cigars," he responds: " He has not rendered an account of sale of the cigars; took the cigars on account of debt."   It further appears on cross-examination that he kept no books but a memorandum book, and gave Tinker no credit for the goods upon that; that he " supposes " the tobacco replevied is the same that was attached, and that he " does not remember " whether he stated when he brought the suits against Tinker that he did it " merely to prevent others from suing him and should not prosecute them."

The transaction between Tinker and the plaintiff appears to have been simply a relinquishment of plaintiff's attachment upon Tinker's agreement to sell the goods attached and apply the proceeds to the payment of plaintiff's demands, and not a sale. Tinker is not called as a witness nor his absence accounted for. Plaintiff paid him nothing for the goods, gave him no credit for them on account, nor any receipt, as for a partial payment, and it does not seem to have been contemplated by the parties that he should, except as he might receive the proceeds of sales by Tinker. Upon such testimony a verdict for the plaintiff could not be sustained.                                   *Plaintiff nonsuit.*

*Judgment for a return.*

Appleton, C. J. ; Cutting, Kent, Walton, Dickerson, and Tapley, JJ., concurred.